PER CURIAM.
Petitioner, Joe E. Hodges, seeks reinstatement to the practice of law in Florida. His petition has been argued before us and duly considered.
Pursuant to disciplinary rules in reinstatement cases, the matter of Petitioner’s reinstatement came on before the Board of Governors of The Florida Bar for review of the report of the Bar-appointed referee.
After its review, the Board entered its order as follows:
“This cause came on for review and consideration by the Board of Governors of The Florida Bar upon petition for reinstatement by Joe E. Hodges.
“The petitioner, Joe E. Hodges, was disbarred from the practice of law in Florida on October 5, 1960. State of Florida ex rel. The Florida Bar v. Joe E. Hodges, 123 So.2d 463 (Fla.1960). On October 18, 1968, Joe E. Hodges filed a petition for reinstatement with the Board of Governors and subsequently a referee was appointed to take testimony and make recommendations.
“The referee held a formal hearing. From this hearing it appeared to the referee that petitioner had achieved complete rehabilitation and that the reinstatement of petitioner would have no damaging effect on the public confidence in the administration of justice, the legal profession or the public image of the courts. The referee tempered his findings with conditions subsequent regarding payment by petitioner of several outstanding debts arising from the disbarment proceeding.
“The referee’s report was received by the Board of Governors as well as a letter Statement in Opposition to the report, filed by Bar Counsel, and a letter *258 Statement in Favor of the report, filed by petitioner.
“Upon review of the record, the referee’s report and the letter Statements, it is the collective judgment of the Board of Governors that the record fails to substantiate petitioner’s claim of rehabilitation. The Board is aware of the testimony that petitioner is faithful in attendance at work, does work of a high quality, has been promoted, and works a full day. However, the Board finds petitioner’s own statement on pages 37-41 of the transcript of hearing before the referee, evasive and, in the final analysis, reprehensible in that he shirks the moral obligation which arose from the incident leading to his disbarment.
“The prime cause of petitioner’s disbarment was his professional irresponsibility regarding the funds of clients. The evidence of his rehabilitation in this respect is insufficient to justify reinstatement. The record does not reflect any assumption of the responsibility or blame for the acts originally leading to disbarment.
“Petitioner has failed to carry the burden of proof showing rehabilitation. The Board of Governors disagrees with the recommendation of the referee and finds that petitioner has not established his fitness to resume the practice of law. Therefore, upon consideration it is
“ORDERED and ADJUDGED that the Petition for Reinstatement of Joe E. Hodges be dismissed and that he pay the costs of these proceedings in the amount of $ 0 .”
We have reviewed the record with especial consideration to Petitioner’s statement on pages 37-41 of the transcript of the hearing before the Bar-appointed referee. In reference to Petitioner’s statement, it appears that at the hearing before the referee the Bar counsel asked Petitioner if he felt he had “any professional or moral obligation to replace to the Frees [Henry J. Free and wife] this shortage,” referring to an obligation of $16,000 representing the sum of money placed with Petitioner by the Frees for investment. The Petitioner responded that he had settled the claim of the Frees by payment on August 13, 1968 of a final sum of $2,100, which amount was delivered to their attorney, and that Petitioner had received in return a full release of their claim executed by the Frees.
In further explanation of this phase of the matter, among other things, we quote from the report of the referee as follows:
“On March 2, 1961 Petitioner was convicted of grand larceny in the Court of Record of Broward County, Florida and was placed on probation for seven years. This offense arose in 1959 when one Henry J. Free gave Petitioner $16,000.00 to invest for him. The money was not invested but used by Petitioner to pay his personal indebtedness. [The record reflects the $16,000 was used by Petitioner to repay funds converted by him from an incompetent’s estate while Petitioner was employed as attorney for the guardian of the estate. See 123 So.2d 463, 464.] A full and complete Pardon of this offense was granted the Petitioner under date of September 11, 1968 and his civil rights were restored. The testimony and file in this case show that Petitioner has repaid to the said Henry J. Free a total of $10,500 and has received from him a general release and Indemnity bond which has been marked Petitioner’s Exhibit #3.
“Petitioner has become indebted because of his unprofessional conduct as follows:
“1. To Hartford Accident and Indemnity Company for a Judgment dated July 22, 1960 in the amount of $6,559.93, together with interest and costs;
“2. To Stephen B. Fickett, Jr. of Brooksville, Florida in the amount of $2500.00 represented by Note dated July 6, 1959;
*259 “3. Judgment in favor of Gilbert Reporting Service of Broward County, Florida, dated July 6, 1959 in the amount of $91.22;
“4. Judgment in favor of Alabeth Realty Company of Broward County, Florida, dated July 13, 1959 in the amount of $190.00.
He is also indebted to other persons or concerns and is making monthly payments thereon which are on a current basis.
“Hartford Accident and Indemnity Company has agreed to accept monthly payments of $150.00 in payment of its judgment. See Petitioner’s Exhibit #1.
“Stephen B. Fickett, Jr. has agreed to accept the sum of $75.00 per month in payment of his note. See Petitioner’s Exhibit #2.
“Ten letters were introduced and filed in evidence, nine of which state ‘Petitioner has been fully rehabilitated’ and recommend that the Petitioner be reinstated. The remaining letter is from Henry J. Free and is to the effect that he does not want to do anything that would jeopardize his (Petitioner’s) reinstatement but he still believes that Petitioner has a moral obligation to him in the event that his Petition is granted.
“The transcript of the hearing in this matter contains the testimony of two witnesses called by the Petitioner, the substance of whose testimony indicates that Petitioner realizes the error in his conduct which led to his disbarment from membership in The Florida Bar and has satisfactorily rehabilitated himself and is worthy of reinstatement. Nowhere in the record does there appear any evidence showing that any allegation of fact set forth in the Petition for Reinstatement is false. The testimony of the Petitioner and witnesses was straightforward and persuasive and was believed by the Referee to be truthful in every respect. The testimony of Mr. Hodges, in the opinion of the Referee, indicated a complete and meaningful rehabilitation.
“Inasmuch as there are no responsive pleadings and issues of fact in this proceeding, the Referee does not believe that findings of fact are required. It is sufficient to report that, from all of the testimony given at the hearing, together with the letters introduced in evidence, it would appear that Mr. Hodges has achieved complete rehabilitation and should be given another chance to practice law in this State. Counsel for The Florida Bar has made no recommendation for or against reinstatement.
“Two witnesses testified that in the event of his reinstatement, Mr. Hodges would be employed as an attorney with the Florida Industrial Commission.
“It is the further opinion of the Referee that the effect of such reinstatement would have no damaging effect on the public’s confidence in the administration of justice, the legal profession, and the public image of the Courts.
“Considering the entire record before me, I therefore find that all of the foregoing considerations should be resolved herein in favor of the Petitioner on the condition, however, that he pay to Hartford Accident and Indemnity Company the sum of $150.00 in consecutive monthly installments beginning within thirty days from the date of his reinstatement until the full amount of its Judgment, together with interest and cost, is paid; and on the further condition that the note held by Stephen B. Fickett, Jr. be paid in consecutive monthly installments of $75.00 each beginning within 'thirty days from the date of his reinstatement until the full amount of such note, together with interest, has been paid in full; and further conditioned that the Judgment of Gilbert Reporting Service in the amount of $91.-22 and the Judgment of Alabeth Realty Company in the amount of $190.00 be paid in full and discharged within sixty days *260 from such reinstatement. The undersigned Referee would likewise recommend that the Petitioner pay to Henry J. Free the full amount of $16,000.00, together with interest, had he (Free) not given a general release and indemnity bond to Petitioner. Mr. Free was represented by a reputable attorney in closing this transaction with Petitioner and the execution of the general release was voluntary on his part.
“It is therefore recommended that Petitioner pay the costs of these proceedings, and that he be reinstated to membership in good standing in The Florida Bar conditioned as above stated.”
It is our view that the recommendation of the referee should be followed. While we fully appreciate the conscientious reluctance of the Board of Governors of The Florida Bar to agree to the referee’s findings, owing to the fact the Petitioner’s statement appearing on pages 37 to 41 of the transcript did not measure up to the Board’s ethical standards in reflecting contriteness for his misdeeds and a realization of the professional responsibility incumbent upon him in being scrupulously honest in the handling of clients’ funds, we nevertheless believe the reinstatement recommended by the referee is warranted. As we read Petitioner’s statement on pages 37 to 41, inch, of the transcript in response to Bar counsel’s question, he attempted to explain the facts of the transactions involving his settlement with the Frees. He stated that he had paid his debt to society by pleading guilty to the charge of misappropriating the $16,000 they had placed in his hands for investment; that he had served seven years on probation for the offense. He further stated that he had made the offer for final settlement of their claim in good faith and that it had been accepted and he considered he had discharged the obligation and had no further legal or moral responsibility for their claim. We do not condone his failure to be more verbally remorseful, but take his statement into consideration along with all facets of his conduct and rehabilitatory efforts reflected in the referee’s report. It appears that Petitioner has been employed since April, 1966 as a claims examiner by the Florida Industrial Commission and has worked satisfactorily as such. He has successfully completed his probation and received a full pardon from the State Pardon Board. Many reliable witnesses attest to his good rehabilitation. The referee finds Petitioner’s rehabilitation satisfactory and that he is worthy of reinstatement to the practice of law. The referee concludes, “The testimony of Mr. Hodges, in the opinion of the Referee, indicated a complete and meaningful rehabilitation.”
Balanced against the record as a whole, we do not think the failure of the Petitioner in his statement to fully meet the ethical standards of professional responsibility believed appropriate by the Board of Governors should result in denial of his reinstatement. We believe greater ultimate harm would result in denying or deferring the reinstatement that has been recommended by the referee than will be the case if reinstatement is granted.
It is therefore the judgment of the Court that Petitioner, Joe E. Hodges, be and he is hereby reinstated to the practice of law in the State of Florida, subject to all the conditions subsequent provided in the referee’s report as recited hereinbefore. Upon failure or default of Petitioner to promptly and faithfully carry out and perform the said conditions, his reinstatement shall be subject to recall and cancellation and The Florida Bar is directed to report to us any such default or failure on the part of the Petitioner.
It is so ordered.
ERVIN, C. J., and ROBERTS, THOR-NAL, CARLTON and ADKINS, JJ-, concur.